No. 10,569.

AUTO OWNERS SERVICE ASSOCIATION *v.* POLLARD.

Decided February 4, 1924.

Action to cancel contract, and recover notes sent defendant for collection.   Judgment of dismissal.

*Reversed.*

1.   PLEADING—*Complaint*—*Demurrer.*   If in a complaint there are commingled in one count, elements of two different grounds of recovery, no objection being interposed on that ground, and the complaint otherwise stating a cause of action, it is not subject to a general demurrer.

2.   CONTRACT—*Construction.*   Contract for the collection of notes and accounts on a percentage basis, construed.

3.        *Ambiguous*—*Construction*—*Parol Testimony.*   Where parties to a contract fix a certain construction of ambiguous terms therein contained, that construction should be adopted by the courts.   Parol testimony concerning such construction does not constitute an attempt to vary the terms of an unambiguous written instrument.

4.   PRINCIPAL AND AGENT—*Authority of Agent.*   A principal may not repudiate the authority of his agent to represent him, when he knowingly accepts the fruits of a contract entered into by the agent.   In such circumstances he takes the contract with its burdens as well as its benefits.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. CHARLES E. HOLCOMB, Mr. JOHN D. DAWSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff and the defendant entered into a written contract, for the term of one year, whereby the plaintiff was to turn over to the defendant for collection and remittance various notes and accounts.  For collecting them the plaintiff was to allow and pay the defendant "ten per cent on all collections and settlements made without legal process on claims not over two years past due, and fifty per cent on accounts two years or over past due, and notes four years or over past due, *or where settlement is made through collector, legal services or assignments, or corresponding attorney or magistrate.*"  On the day of its execution plaintiff turned over to the defendant for collection promissory notes aggregating about $271.00, which were not over two years past due.  They were collected by the defendant "without legal process," by himself or one of his own collectors or employees.  No "settlement" was required; no legal services necessary; no attorney or magistrate, so far as the complaint shows, was employed or utilized.  Defendant charged for his services a commission or fee of fifty per cent of the amount of the notes, and deducted the same from the amount collected and sent to the plaintiff a check for the balance.  The plaintiff refused to accept the same as a full settlement, and returned the check to the defendant and directed the latter to return all unpaid and uncollected notes in his possession, declared a cancellation of the contract for the violation of its terms by the defendant, and also directed the defendant not to collect or attempt to collect any money due on other notes in his possession, which plaintiff had sent to him.  The defendant failing to comply with the demand, the plaintiff brought this action, whose object is to secure the relief defendant. refused.  The court sustained defendant's general demurrer to the complaint and rendered judgment dismissing the action, to set aside which is the object of this review.

If in the complaint there are commingled in one statement or count, elements of two different grounds of recovery:  one, fraudulent representations; the other, as-

surances by defendant that the alleged ambiguity as to the
amount of commission which the contract provided for
defendant's services, should be resolved in favor of plain-
tiff's contention, no objection thereto was interposed by
defendant upon that ground.   The complaint, however,
states a good cause of action, which entitled the plaintiff
to the appropriate relief, and it is not subject to a general
demurrer.  As the defendant has not entered his appear-
ance here, we are not advised as to his position or the
ground upon which the court sustained the general de-
murrer.   Possibly the decision was based on an erroneous
conclusion that an attempt was being made to contradict
by parol testimony the unambiguous terms of a written
instrument.

On its face the language of the contract is not plain.
It is ambiguous.   One clause or sentence provides a fee
of ten per cent on all collections and settlements made
without legal process on claims, which include both notes
and accounts, not over two years past due, and fifty per
cent on accounts two years or over past due, and notes
four years, or over past due, where settlement is made
through collector, etc.   Were the complaint silent upon the
subject of the assurances of defendant's agent, we think a
fair construction of the language of this contract is that
the smaller fee was intended to be for collections of all
claims, both notes and accounts, two years or under past
due, when made without legal process; and the larger fee
of fifty per cent for collection of accounts two years or
over past due, and notes four years or over past due, where
a settlement is made through a collector, etc.   As the claims
in question were promissory notes and were two years or
under past due, the collection fee for them, by the plain
terms of the contract, is ten per cent of the amount, and
falls within the first part of the compensation provision.
The provision for a fifty per cent commission is not appli-
cable to the notes which the plaintiff sent to the defendant
for collection and which were collected.   Notes and ac-
counts, when they are sent to a collection agency, where

the same is a corporation or an individual, must be collected by some person who is properly termed a "collector." Under the terms of this contract it is uncertain or ambiguous whether the fifty per cent commission is payable in any case, unless the claims to which it applies have been settled as the result of legal process, and there is no pretense that any legal process was employed or utilized by the defendant in the collection of these notes. The contract contemplates that the greater the length of time the claims remain due and unpaid, the greater the fee for collection, and where legal process is employed the fee is greater than when made by the defendant's collector without legal process. It thus appearing there is at least some ambiguity and uncertainty as to the meaning of this contract under various contingencies, if the parties themselves, as the complaint alleges, accepted as the proper construction that the ten per cent should apply to such notes as were collected by defendant, being of the class described in the first part of the contract, and were made without legal process, that construction should be adopted by the courts.

The allegation in the complaint as to the assurances by defendant's agent, does not constitute an attempt by parol testimony to vary the terms of an ambiguous written instrument. Parol testimony responsive to this averment simply tends to show that the parties themselves, before the contract was executed, gave to it a certain construction of which the language itself is susceptible. The complaint discloses that the agent of the defendant had the apparent power to make this contract for his principal and to give the assurance to the plaintiff as to its meaning. The plaintiff was justified in so believing and both accepted the contract with that construction and both are bound by such construction. Defendant may not repudiate the authority of his agent to represent him when he knowingly accepts the fruits of the contract. In such circumstances he takes the contract with its burdens as well as its benefits.

Just what the relief should be we are not called upon at

this time to say. That will depend upon the character of the proof in the event of a new trial. It is sufficient now to say that if the facts set up in the complaint are true, the plaintiff is entitled to appropriate relief. The judgment is reversed and the cause remanded for a new trial. Further proceedings, if any, to be in accordance with the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.