## No. 11,406.

## LAMB, ET AL. *v.* MILLIKEN.

Decided January 25, 1926.

Action on contract for real estate broker's commission. Judgment for plaintiff.

*Affirmed.*

## *On Application for Supersedeas.*

1. CONTRACT—*Real Estate Brokers—Commission.* Parties to an agreement for an exchange of land, cannot therein dispose of the claim of a real estate broker for a commission for services rendered in the transaction, without her knowledge, consent or approval.

2. WORDS AND PHRASES—*"In Lieu and Instead of,"* mean in place of, or in substitution for, and imply the existence of something replaced.

3. BROKERS—*Real Estate—Commission from both Parties.* In a transaction involving an exchange of lands, there is nothing illegal or improper in a claim by a real estate broker for a commission from both parties to the transaction, where it is made fairly, openly, with the knowledge of both parties and without objection.

4. *Real Estate—Commission.* A broker who is the procuring cause of an exchange of lands is entitled to compensation for his services, and a party to the trade cannot make the terms satisfactory to himself and then deny any commission to the broker because he has made such terms.

5. PRINCIPAL AND AGENT—*Husband and Wife.* In an action for a real estate broker's commission, facts reviewed, and the claim of a defendant wife that there was no proof of her husband's agency for her in the transaction, overruled.

6. *Contracts—Agent's Authority.* A principal may not repudiate the authority of his agent to represent him when he knowingly accepts the fruits of a contract entered into on his behalf by the agent. In such circumstances he takes the contract with its burdens as well as its benefits.

7. APPEAL AND ERROR—*Rulings on Evidence.* A judgment will not be reversed for alleged error in rulings of the trial court on the admission of testimony, where such rulings are without prejudice to the complaining party.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. GEORGE A. CARLSON, for plaintiffs in error.

Mr. GEORGE B. CAMPBELL, Mr. JOHN D. MILLIKEN, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION on contract for real estate commission. Judgment for plaintiff. Defendants bring error and ask for a supersedeas.

The parties will be referred to as in the trial court. Both sides ask us to decide the case upon the submission of the supersedeas application, which we shall do.

Defendants are husband and wife. The wife owned 280 acres of land in Kansas. The husband dealt with plaintiff in this state for himself and his wife. He listed the land with plaintiff for a trade, pointing out in writing some of its advantages, such as its proximity to oil land to be drilled soon, concluding with the words, "Will trade for mountain land that will make mountain home—prefer Bear Creek Canon." He signed the paper and endorsed on it the words, "$75. per acre." The valuation so fixed by him was considered in determining the plaintiff's commission. There is other evidence of a similar valuation on this land, as well as evidence of a lesser valuation. Lamb disputes plaintiff's statement that the endorsement is in his handwriting, and his counsel points out that it is written in black, while the main part of the instrument is written in green. Plantiff, however, satisfactorily explained how

the difference in the colors occurred, and the similarity of the handwriting obviously supports plaintiff's testimony that Mr. Lamb wrote both.

Plaintiff not only procured a party, one Phares, who was ready, willing, and able to trade with defendants, but the trade was actually made, Mr. Lamb subsequently entering into a written agreement with Phares to exchange properties and afterwards consummating the agreement by deeds, Mrs. Lamb getting a tract of mountain land in Colorado, owned by Phares, and she deeding her Kansas land to Phares.

Lamb and Phares made the exchange agreement without consulting with plaintiff about it; she learned of it after it was made. The agreement contains this clause: "It is further agreed that said party of the second part (Phares) arranges and takes care of any commission that may be claimed by Miss Lola Milliken as agent."

The Miss Milliken referred to is the plaintiff. Defendants say that they did not know that she would claim a commission from them. The clause in the trade agreement indicates that they did know it. There was no reason for inserting plaintiff's name in the exchange agreement between Lamb and Phares, and in making provision for the payment of plaintiff's commission if she had been a stranger to their thoughts. Plaintiff's name, written in a contract to which she was not a party, made out of her presence and without her knowledge, is a graphic recognition that the parties to the contract were aware of plaintiff's claim for payment for her labors, and also of her agency in the premises in effecting the exchange of properties. This agreement also helps to show that the exchange was completed pursuant to defendant's previous written listing with plaintiff of Mrs. Lamb's Kansas land; that defendant's desires were thus accomplished through plaintiff's instrumentality. These things constitute the chief significance of the agreement between Lamb and Phares. Whatever may be said regarding its legal effect as between themselves, about which we are not here con-

cerned, it has no force at all against plaintiff as an attempt to cut out her rights against either of the parties to their agreement without plaintiff's approval. The parties to that agreement could not make a solemn disposition of the claim of a third party nor contract away her rights without her consent.

Defendants pleaded and have argued: (1) That there never was any agreement or obligation upon their part to pay plaintiff a commission, and (2) that plaintiff agreed to accept the obligation of Phares to pay the commission "in lieu of and instead of defendants or either of them." The second of these propositions, however, impliedly admits the first,—that there originally was such an obligation, for it can scarcely convey a rational or acceptable meaning that the second alleged agreement was "in lieu and instead of" something that did not exist. The words mean in place of or in substitution for, and imply the existence of something replaced.

Plaintiff emphatically denies that she knew of the Lamb-Phares agreement or that she agreed to its terms. Her testimony is corroborated by Phares and other facts and circumstances, and we find nothing to indicate that the trial court was wrong in believing what she said in this or in any other respect.

Plaintiff does admit that both sides agreed to pay her a commission. There was nothing illegal or improper in an arrangement that defendants should pay plaintiff for the service done them in disposing of the Kansas land and an agreement at the same time that Phares should also pay her for disposing of his Colorado land, when, as appears from the testimony, it was all done fairly, openly, with the knowledge of both contracting parties, and without objection.

Defendants further maintain that they would not have made the trade if they had known that plaintiff expected a reward from them, but this is an idle defense. Plaintiff was the procuring cause of the trade; the parties made it, without consulting with her as to its terms, and she

might well reply that she would not have worked for them if she had known that a large gratuity was expected of her. She has received nothing for her services, either from the Lambs or Phares; hence this suit. One cannot make the terms of a trade to suit oneself and then deny any commission to the broker because he has made such terms.

Counsel contends, upon behalf of the defendant wife, that there is no proof of her husband's agency for her. On the contrary, the facts and circumstances in support of the agency theory are so dovetailed together that they cannot be pulled apart. The husband acted for and upon behalf of himself and his wife. He conducted all the business from the beginning for both defendants, from listing the property with plaintiff to signing the exchange agreement. This is why we treat the acts of one as the acts of both. The wife signed and acknowledged the final deed to the Kansas land to complete the exchange of properties that plaintiff brought about.

Counsel again argues for the defendant wife that while the husband may have been the wife's agent to effect the exchange, it does not follow that he was her agent to agree to pay a commission. This is wrong, for it violates an old principle lately stated in *Auto Owners Service Association v. Pollard,* 74 Colo. 524, 527, 223 Pac. 38, that a defendant may not repudiate the authority of his agent to represent him when he knowingly accepts the fruits of the contract. In such circumstances he takes the contract with its burdens as well as its benefits. *Auto Owners Service Association v. Pollard, supra; Council v. United States Investment Company,* 26 Colo. App. 284, 143 Pac. 829.

Defendants think that the commission is too much. They agreed in open court as to what is the usual and customary percentage, not agreeing, however, that anything is due plaintiff from them. But as we look upon the case as a whole, the complaint states a cause of action, the evidence supports it, and the judgment properly follows. The trial court gave defendants a wide latitude in presenting

their defense.   As to the rejected evidence, the exclusion was not prejudicial to defendants, for in part it was merely a repetition from the same witnesses, and as to other questions, they were such that even if they had been permitted and if the most favorable response desired by defendants had been thereby elicited, it would have caused no change in our belief from this review that the judgment was proper.

The supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.