BARKDULL, Judge.
Defendants appeal from an adverse judgment rendered after a jury verdict in a real estate broker’s commission suit. The facts out of which the cause of action arose are disclosed by the record to be as follows:
The appellee was a real estate broker who aided the appellants, Peter Bluest-en and M. P. Nelson, in negotiating the sale of certain acreage in Hillsborough County, Florida, title to which was in the appellant, Central Bank and Trust Company, as Trustee, and the purchaser was the appellant, Stanton Sanson. It is also apparent from the evidence [which was obviously believed by the jury] that the appellee had special knowledge of the property involved, and without his assistance the sale would not have taken place. Following the closing of the sale, the appellee [not being permitted to share in the commission, although he had notified all parties of his claim for a commission prior to closing] filed the instant action against the 4 appellants, as defendants, seeking recovery of a pro rata share of the real estate commission due from the seller and the purchaser. The appellee alleged, in his amended complaint, that he was entitled to one-third of the commission *506 earned as a cooperating broker and the jury, having resolved the conflicts and the evidence in his favor, returned a verdict for the appellee in an amount equal to one-third of the brokerage commission. Said verdict was subsequently reduced to a final judgment adjudicating liability against all defendants, appellants here, jointly and severally.
The bank, as the seller, was obligated to pay a commission to Bluesten as exclusive broker. It is clear from the record that the total commission to be paid was $80,000.00, based upon a sales price of $800,000.00. It is also apparent that both the purchaser and the seller were aware of the claims of the appellee prior to the closing. The jury having found that the appel-lee was instrumental in the sale of the bank’s property, he is therefore entitled to his proportionate share of the commission as a cooperating broker, and the bank could not contract away its liability to him by way of a provision relating to commissions in a subsequent contract for sale or exchange entered into by the bank and to which the appellee was not a party. Lamb v. Milliken, 78 Colo. 564, 243 P. 624; Jones v. Bledsoe, Tex.Civ.App. 1927, 293 S.W. 204; 12 C.J.S. Brokers § 64.
Therefore, the judgment rendered in favor of the appellee against the bank is affirmed. It is also affirmed as against the purchaser, Stanton Sanson, as a result of his agreement with the seller undertaking to pay the real estate commissions due as a result of the purchase and sale, and also his agreement at the time of the closing, wherein he retained one-third of the total commission which rightfully belonged to the appellee.
The judgment against the appellants, Nelson and Bluesten, is hereby reversed, as it is apparent from the record on appeal that they only received an amount equal to two-thirds of the commission or their proportionate share. In order for Nelson and Bluesten to be held liable for Pichowski’s share of the commission, they would have had to actually receive it [5 Fla.Jur., Brokers, § 39], and as they did not in fact receive Pichowski’s commission they cannot be held liable; plus the fact that no judgment was sought against them in the amended complaint.
Other errors have been alleged by certain of the appellants, but in view of the above they are found to be without merit.
Based on the foregoing, we reverse the lower court as to the liability of M. P. Nelson and Peter Bluesten, and affirm the judgment against Central Bank and Trust Company and Stanton Sanson.
Reversed in part; affirmed in part.