LEWIS v. DAVIS et al. (No. 6403.)

(Court of Civil Appeals of Texas. Austin. Dec. 7, 1921.)

1. **Venue ⬥⇒43—Denial of plea of privilege at one term is not res adjudicata as to right to have case transferred during subsequent term.**

Denial of plea of privilege at one term of court does not preclude the court from transferring the case to another county at a subsequent term, the doctrine of res adjudicata being inapplicable.

2. **Judgment ⬥⇒650—Doctrine of res adjudicata applicable only where final judgment, decree, or order relating to subject-matter of the litigation has been rendered.**

The doctrine of res adjudicata applies only where a final judgment, decree, or order has been rendered which relates to the subject-matter of litigation, and has no application to matters and procedure such as an application for change of venue.

3. **Brokers ⬥⇒82(1)—Petition against owner. of land sold and other broker who collected commission held insufficient as against owner.**

Petition, alleging that one defendant listed land with plaintiff broker that plaintiff employed other defendants to assist in the sale, under agreement that commission would be divided equally between them, that purchaser was found, and that defendant owner had paid the entire commission to one of the other defendants, *held* insufficient to show cause of action against defendant owner, being sufficient to show that defendant, to whom owner paid the entire commission, had implied authority from plaintiff to collect it, and that plaintiff ratified his act in so doing by suing such other defendant, alleging he had collected plaintiff's part.

4. **Venue ⬥⇒22(3)—Case properly transferred to county of defendant's residence where petition failed to show good cause of action against codefendant.**

Where petition failed to show a good cause of action against the defendant, who resided in the county in which the action had been brought, the case was properly transferred to the county of codefendant's residence.

Appeal from Lampasas County Court; W. H. Adkins, Judge.

Suit by R. L. Lewis against P. M. Davis and others. From order transferring the case to a county court of other county, plaintiff appeals. Affirmed.

W. H. Browning, of Lampasas, for appellant.

Taylor & Hale, of Waco, for appellee Applegate.

KEY, C. J. The plaintiff, R. L. Lewis, brought this suit against the defendants, P. M. Davis, C. E. Applegate, and J. A. Schiller, in the county court of Lampasas county, and sought to recover a judgment for $250, alleged to be due him as one-third of a com-

mission for finding a purchaser for a tract of land sold by the defendant Davis. The suit was commenced October 23, 1919, and on November 11, 1919, the defendant Applegate filed a plea of privilege, claiming the right to be sued in McLennan county, the county of his residence. On November 18, 1919, the plaintiff filed a reply to the plea of privilege, and upon that date that plea was heard by the court and overruled, to which action of the court the plaintiff excepted, and gave notice of appeal. Thereafter an appeal bond was filed, but no transcript was filed in the Court of Civil Appeals, and that appeal was abandoned. On November 22, 1920, at a subsequent term, the court heard and sustained special exceptions to so much of the plaintiff's petition as sought a recovery against the defendant Davis, who resided in Lampasas county.

The plaintiff's petition as well as the plea of privilege filed by the defendant Applegate, show that Applegate and his codefendant Schiller reside in McLennan county, and the plea of privilege filed by the defendant Applegate alleged that no exceptions to the statute requiring a defendant to be sued in the county of his residence existed, and also alleged that the plaintiff had no cause of action against the defendant Davis, and had made him a party to the suit for the fraudulent purpose of conferring jurisdiction upon the county court of Lampasas county.

After the court had sustained the exceptions of the defendant Davis to the plaintiff's petition, and dismissed that defendant from the case, the defendant Applegate moved that he be allowed to renew his plea of privilege, which had been overruled at a former term, which motion was overruled. However, the defendant Applegate filed a special exception and a plea challenging the jurisdiction of the court below, upon the ground, in substance, that the plaintiff had no cause of action against the defendant Davis, and. had improperly and fraudulently made him a party defendant in order to have the case tried in Lampasas county, where the plaintiff himself resided. The trial court sustained the foregoing pleas, and ordered the case transferred to the county court of McLennan county, and from that order this appeal is prosecuted.

We have considered the record and the briefs filed by the respective parties, and have reached the conclusion that the judgment should be affirmed. No elaborate opinion will be written, but a brief statement of the views of this court upon the points relied on by appellant will be made.

[1, 2] 1. The fact that at a former term the trial court had overruled the plea of privilege does not, in our opinion, require the application of the doctrine of res adjudicata. In substance and effect the plea of privilege was nothing more than an appli-

cation to change the venue, and we know of no rule which deprives a litigant of the right to ask for such change of venue, although at a former term the court may have refused to grant it. As we understand it, as a general rule, the doctrine of res adjudicata or plea of former judgment applies only to cases wherein a final judgment, decree, or order has been rendered which relates to the subject-matter of litigation, and has no application to matters and procedure such as an application for change of venue. Hence we hold that the defendant Applegate had the right to have his plea of privilege, as well as his special exception and plea to the jurisdiction of the court, passed upon at the time the court made the rulings complained of, and ordered the case transferred to McLennan county.

[3, 4] 2. We are of the opinion that the court ruled correctly because the plaintiff's petition failed to show any cause of action as against the defendant Davis, the only defendant who resided in Lampasas county. The answer of the defendant Davis contained a general demurrer and special exception, which were sustained by the trial court, the judgment showing that that court held that the defendant Davis was neither a necessary nor proper party to the suit, and that plaintiff's petition did not show a cause of action against said Davis. In substance, the petition alleged that the defendant Davis listed with the plaintiff a tract of land, and promised to pay him a reasonable sum in the event he found a purchaser, ready, able, and willing to purchase it, on terms satisfactory to Mr. Davis; that thereafter the plaintiff employed the defendant Schiller to assist in the sale of the land, and agreed that if Schiller found a purchaser the commission would be divided equally between them; and that thereafter, upon the suggestion of the defendant Schiller, the plaintiff and Schiller enlisted the services of the defendant Applegate, upon an agreement that if he found a purchaser for the land the commission was to be divided equally between the plaintiff, Schiller, and Applegate, each to have one-third thereof. Also the plaintiff alleged that it was agreed by and between the plaintiff and the defendant Schiller that he (Schiller) would guarantee that in the event of a sale plaintiff's one-third of such commission would be paid to him. The petition then alleged that the defendant Applegate found a purchaser, with the result that the defendant Davis sold his land for $15,000. It was also alleged that 5 per cent. or $750, was a reasonable commission, and that the defendant Davis had paid the entire commission to the defendant Applegate, though he had refused to consummate the sale unless 'the defendant Applegate would settle with or satisfy the plaintiff, which Applegate agreed to do; and it was also alleged that the plaintiff

did not authorize the defendant Davis to pay his one-third of the commission to Applegate, and that the defendant Davis knew that fact, or, by the exercise of reasonable diligence, could have ascertained it. It was also alleged in the petition that the defendant Applegate paid to the defendant Schiller his part of the commission, but had never paid plaintiff his part, but had offered to pay him $50 in full satisfaction, which he declined to accept.

Our view of the law upon this phase of the case is that the petition on its face shows that the defendant Applegate had implied authority from the plaintiff to collect the entire commission, and if he did not have such authority the plaintiff has ratified his act in so doing by bringing this suit, and alleging that Applegate had collected his part of the commission. If Applegate was not authorized to collect the plaintiff's portion of the commission, the mere fact that he collected from his codefendant Davis more than he was entitled to collect would not render him liable to the plaintiff for anything, unless the plaintiff chose to ratify what Applegate had done in collecting the entire commission and hold him responsible therefor. In other words, if the plaintiff is entitled to any commission, it is owing to him by the defendant Davis or the defendant Applegate, and not by both of them, and, as he has alleged in his petition that Applegate collected his portion of the commission, and he is asking for judgment against Applegate for that sum, he is not entitled to recover anything from the defendant Davis.

Our conclusion is that the judgment should be affirmed; and it is so ordered.

Affirmed.