**JONES et al. v. BLEDSOE.   (No. 2771.)**

Court of Civil Appeals of Texas.   Amarillo.
Feb. 23, 1927.

Rehearing Denied March 30, 1927.

1. **Appeal and error** ⬦544(1)—**In absence of statement of facts, appellate court will not consider sufficiency of evidence.**

Absence of a statement of facts on appeal precludes consideration by the appellate court of any question as to the sufficiency of evidence to support the judgment.

2. **Brokers** ⬦82(1)—**Petition alleging employment contract to sell land and procuring of purchaser held to support judgment for commissions.**

Petition alleging that defendants agreed to pay plaintiff for procuring a purchaser for

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

certain land, and that he did procure purchaser, held to support judgment for commissions.

**3. Judgment ☞251(1)—Judgment giving plaintiff commissions for selling land held not inconsistent with petition incorporating contract showing agreement to pay commissions to third party.**

That a sales contract attached to and made a part of a petition claiming commissions due for procuring purchaser showed agreement to pay commissions to another party held not to make judgment, based on another alleged contract, inconsistent with petition.

**4. Brokers ☞39—Disposition of commissions provided for in contract for sale of land held not to affect employment contract for compensation to one procuring purchaser.**

A contract made with purchaser of land, agreeing to pay commissions to agent, held not to affect plaintiff's contract with defendants by which he was to receive commissions for procuring purchaser.

**5. Judgment ☞256(1)—Finding that defendant, sued for commissions for selling land, was not owner, held not to preclude judgment as negativing allegations that he represented himself as owner.**

Finding on plea of privilege that one of two defendants did not own land held not to negative allegations that he had represented himself as owner, so as to preclude judgment against him in suit for commissions for procuring purchaser under alleged contract of employment.

**6. Judgment ☞563(2)—Finding, on plea of privilege, that defendant did not own land, held not res judicata in trial on merits, in view of statute (Rev. St. 1925, art. 2019).**

In view of Rev. St. 1925, art. 2019, providing that if a plea of privilege be sustained the court shall transfer the case but shall not dismiss it, and that when it is transferred it is to be tried on the merits, a finding, on a plea of privilege, that defendant did not own certain land, held not res judicata in trial after transfer.

**7. Judgment ☞272—Judgment, in cause transferred, entered before time for appeal from decision on plea of privilege had expired, held not premature.**

Where, after plea of privilege had been decided against plaintiff, plaintiff gave notice of appeal but did not perfect such appeal and the case was tried in another county, held, that judgment after trial on merits was not prematurely entered, because time for appeal from decision on plea of privilege had not yet expired.

Appeal from Dallam County Court; Floyd McNeill, Judge.

Suit by C. B. Bledsoe against C. C. Jones and another. Judgment by default for plaintiff, and defendants appeal. Affirmed.

F. P. Works, of Amarillo, for plaintiffs in error.

E. O. Northcutt, of Amarillo, for defendant in error.

RANDOLPH, J. This is an appeal from a judgment by default rendered by the county court of Dallam county in favor of Bledsoe, who was plaintiff in the trial court, and against Jones and Tanner, who were defendants in that court.

The suit was originally filed by Bledsoe against Jones and Tanner in the county court of Potter county. The defendant Jones filed a plea of privilege to be sued in Dallam county, the county of his residence, complying with the requirements of the statutes, and in addition alleging that the allegations in the plaintiff's petition, charging that Tanner was the owner of an interest in the land for the sale of which the plaintiff was seeking to recover a commission, were falsely and fraudulently made for the purpose of fixing venue of said cause in Potter county instead of Dallam county, and denying that Tanner had ever at any time owned any interest therein. The plaintiff filed a controverting affidavit in answer to such plea. On the hearing of the issues presented by the plea of privilege and the affidavit, the county judge of Potter county sustained the plea and ordered the case transferred to Dallam county. In his findings of fact on such hearing on the plea, the county judge of Potter county finds: That at all times and dates involved in the suit that the defendant Jones was the sole owner of the land in controversy; that defendant Tanner at all dates owned no interest in said land; that he was only the agent of Jones in the transactions between him, Tanner, and the plaintiff on the basis of a division of the commission between him and the plaintiff; and concludes as a matter of law that the suit does not come within the meaning of subdivision 4, article 1995, R. S. 1925, since on the facts there is no joint liability of the defendants to plaintiff on his claim for a commission, and for that reason sustains the plea of privilege of defendant Jones and transfers the cause to Dallam county. It appears from the record that the defendants Tanner and Jones filed no answer, either in Potter county or Dallam county courts, and made no appearance in either court except the plea of privilege filed by defendant Jones.

The trial court's judgment on the plea of privilege was dated June 16, 1926, and the transfer of the case to the county court of Dallam county occurred July 19, 1926, when plaintiff's petition was filed in that court.

At the August term of the county court of Dallam county, on the 7th of August, 1926, judgment by default was rendered in favor of plaintiff and against both defendants Tanner and Jones, reciting that they had failed to appear and answer therein. Jones and

Tanner, on October 21, 1926, filed in the Dallam county court their petition for writ of error, upon which citation was duly issued and served—supersedeas bond and assignments of error have been filed, and such assignments are now before us for consideration.

The defendants allege error in the trial court rendering judgment in favor of the plaintiff, Bledsoe, because such judgment is not supported by his petition in the case, in that the written contract on which he bases his cause of action, and against which he alleges no grounds of impeachment, is made a part of his petition, and that said judgment does not conform to such petition and contract.

[1-4] The judgment of the trial court recites that it was rendered upon a hearing of the evidence, and the absence of a statement of facts precludes a consideration by us of any question as to the sufficiency of the evidence to support the judgment; but, considering the sufficiency of the plaintiff's petition, we cannot agree that defendant's contentions are correct. The contract declared on in the petition is one alleged to have been between the plaintiff and defendant, and not the contract between the defendant Jones and the purchaser of the land. Plaintiff's petition alleges that Tanner was a part owner of the land, but that the title was in Jones; that as such joint owner with Jones. Tanner employed plaintiff upon certain terms to sell or trade the land, that is, to sell it or trade it for $45 per acre, which was to include crops, teams, and tools used on the premises; and that he would trade the same for other property if plaintiff would find property that was reasonably priced and was suitable to the said J. M. Tanner and C. O. Jones; also giving him a price of $25 per acre, not to include such teams, crops, etc. Plaintiff also alleges that in pursuance to said agreement, plaintiff got in communication with one Quattlebaum of Clarendon, Tex., and told him that he had this property listed for sale, and that Quattlebaum informed him that he had a client who would be interested in trading for the property; that he informed Tanner of the conversation with Quattlebaum, and that he took Tanner to Clarendon to consult with Quattlebaum and tried to make the trade, and that Tanner agreed to return to Clarendon at a later date, and that he did return at a later date to Clarendon accompanied by defendant Jones, and after a consultation with Quattlebaum and the purchaser, one Cornelius, Jones and Cornelius entered into a contract, a copy of which is attached to the petition; that said last-named contract had been in part performed, which part or parts was unknown to the plaintiff, but is well known to the defendant. This statement of the contents of the plaintiff's petition is not intend-

ed to cover all its allegations, but is sufficient to show a contract of employment, and the alleged performance of the contract on the part of the plaintiff. The exhibit attached to the petition was not the contract sued on; it was, as clearly appears from the allegations of the petition, only evidentiary of the fact that his alleged performance of his work for which he was employed culminated in a trade being concluded. It is true that such exhibit copy contains two paragraphs with reference to the commission to be paid in said trade, which paragraphs are as follows:

"16. It is further contracted, covenanted and agreed by and between the parties hereto that the commission for the sale of each of the herein-described properties is the total sum of one thousand thirty ($1,030) dollars, of which said sum the parties of the first part contract, covenant and agree to pay the sum of $755, and of which sum the parties of the second part covenant, contract and agree to pay the sum of $275.

"17. It is further contracted, covenanted and agreed by and between the parties hereto that J. O. Quattlebaum, party of the third part hereto, is to be paid the sum of $515 of said $1,030 for his services rendered and of said sum of $515 to be paid to said J. O. Quattlebaum $275 is to be paid by parties of the second part hereto and said sum to be paid on the date this contract is consummated and title to the respective lands pass. And it is further contracted, covenanted and agreed by and between the parties hereto that the said J. O. Quattlebaum is not to be liable to and the parties hereto guarantee the said J. O. Quattlebaum against and claim that one Charles Bledsoe of Amarillo, Potter county, Texas, may have or pretend to have in said commission of $1,030."

It will appear from this quoted part of said contract of sale that a commission was acknowledged to be due some one, a part of which was contracted to be paid Quattlebaum, and that the said Quattlebaum was "guaranteed" against any claim to any part of such commission awarded him made or to be made by one Charles Bledsoe. The attempted disposition made of this commission by such contract cannot, unless shown to have been made with plaintiff's knowledge and consent, affect the plaintiff's contract for compensation as set out in his petition. We therefore hold that the petition sets out a cause of action which is not in conflict with the judgment rendered by the trial court.

The appellant contends that the county court of Potter county, in passing upon the plea of privilege when he ordered the cause transferred from the county court of Potter county to Dallam county, on findings and holding which precluded defendant Tanner being held liable to suit in Dallam county, rendered such judgment that rendered it unnecessary for Tanner to answer the case in Dallam county, and that he had no legal

duty to appear and answer in such contest of such proceedings, and that the judgment so rendered against him, without further citation or notice, is wholly void and of no effect.

[5, 6] The county court of Potter county, in sustaining the plea of privilege urged by defendant Jones, found that Tanner was not an owner of any interest in the land, but that the same belonged to Jones. This finding did not set aside and hold for naught the allegations of plaintiff's petition that Tanner had represented to the plaintiff that he, together with C. C. Jones, was the owner of the land. Such judgment on the plea only negatived the ownership of any interest in the land, but made no finding on the representations alleged to have been made. Tanner may have made himself liable, if he made such representations, independent of any ownership in the land. His joinder with Jones, under such circumstances, in a suit by plaintiff would be another question. However, we cannot agree that the conclusions and findings of the court on hearing the plea of privilege, and the entry of his interlocutory decree to that effect, would be res judicata of that question in a trial upon the merits. Article 2019, R. C. S. 1925, provides that if a plea of privilege be sustained, the court shall transfer the case to the court having jurisdiction of the person of the defendant, but shall not dismiss it. When it is transferred to the other court, it is then to be tried on the merits.

We do not think that where a matter of fact is urged as a ground for recovery, or as defensive matter, a finding in an interlocutory proceeding, for or against the existence or nonexistence of such fact, can become res judicata in a trial on the merits.

"A judgment cannot be set up as a bar of a subsequent action, unless it was a final judgment on the merits, adjudging the rights in litigation in a conclusive and definitive manner. In order that a judgment should be final within the meaning of the rule just stated, it must be such as puts an end to the particular litigation or definitely puts the case out of court, otherwise it is merely interlocutory and constitutes no bar to a subsequent action. The estoppel, however, does not depend on the form of the judgment, but upon its nature and effect." 34 C. J. p. 770.

[7] Appellant also contends that as plaintiff excepted to the action of the trial court, and gave notice of appeal from the order of the county court of Potter county, and was given 60 days after adjournment of court in which to prepare and file a statement of facts, and the 60 days not having expired, the judgment in the county court of Dallam county was prematurely entered. This contention cannot be sustained, because the record nowhere shows the filing of an appeal bond, which was necessary to have given this court jurisdiction, and the plaintiff had the right to abandon his appeal and have the case transferred for trial to Dallam county.

The judgment of the trial court is therefore in all things affirmed.