**HERMER v. MONNIG DRY GOODS CO.**

No. 13030.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 9, 1934.

P. C. Fewell, of Dallas, for appellant.

H. K. Welch, of Ft. Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from an order by the Tarrant county court at law overruling appellant's plea of privilege to be sued in Dallas county, Tex.

By its controverting affidavit appellee alleged that appellant had signed a written financial statement which contained an agreement that purchases made from appellee, Monnig Dry Goods Company, are at their option payable at Fort Worth, Tarrant county, Tex., and that appellee "sold the goods at prices which are sued for" on the faith of said written promise.

On the trial no evidence was offered that any goods were sold or any debt incurred other than the testimony of appellee's credit man, who testified that he "did approve orders for shipment to Mr. Hermer immediately after receiving this statement" (financial statement).

Appellant assigns as error that the appellee did not prove a prima facie cause of action against appellant. The statement is made in many of the late cases that such proof is necessary to overrule a plea of privilege. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845. These cases upon examination all go back to such cases as Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, in which it is held that, where the venue depends upon the nature of the cause of action, that cause of

action must be shown. Thus, if the venue is based on fraud, that fraud must be proven. Richardson v. D. S. Cage Co., supra. If the venue is based on a written obligation performable in a particular county, then such writing must be shown to exist. Ketner v. J. M. Radford Grocery Co. (Tex. Civ. App.) 299 S. W. 680, 681. But by the very language of the statute, article 1995, R. S., many of the exceptions to venue of defendant's residence are because of some fact not necessarily involving plaintiff's entire cause of action. We can see no reason to require a plaintiff to go beyond the facts involved in the venue question when the hearing is only on the privilege urged. Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861. Thus, if the suit be one for the recovery of land, the issue on venue is, Where is the land located? We see no reason why the plaintiff should be required to make a prima facie showing of his title on the hearing of the plea of privilege. If the court had any power of entering a decree on the merits, even if no more than a dismissal upon failure to make a prima facie case on the merits, some reason for requiring evidence on the merits might exist, but it is settled that he has none. The only judgment that can be rendered under the statute is to transfer the case or refuse to do so or remand. Suppose the prima facie case on the title is not made out. Under the rule contended for by appellant, the case must be transferred but the issue of title is not res adjudicata. At the trial on the merits in the transferee county, the issue of title will be in controversy again without any prejudice by the former deficiency of evidence. Jones v. Bledsoe (Tex. Civ. App.) 293 S. W. 204. We think the rule requiring a prima facie showing on the merits should not be applied to each case.

■ The venue of this suit is based on a written contract performable in Tarrant county. That writing is fully proved. Under that writing, goods were shipped and delivered upon open account. No venue is claimed by virtue of such open account. That account is attached to the original petition, sworn to in full. It was before the trial court, we presume. It is before us on appeal. We know of no rule of reasoning or common sense that made it pertinent to the hearing on the plea of privilege.

The fact that the writing gave to appellee the option to require the account to be paid at Fort Worth does not invalidate such right. Pavlidis v. Bishop & Babcock Sales Co. (Tex. Com. App.) 41 S.W.(2d) 294. There is a distinction between contracting for venue contrary to article 1995, R. S., and contracting for performance in accordance with that article. Nor is it any defense that there is no proof that payment at Fort Worth was demanded prior to suit. The suit was filed at Fort Worth. If defendant should on the merits tender performance and prove that the only cause of such delay in performance was the failure of appellee to indicate the place of same, then appellee is thrown in the costs of suit, but no such issue is made here.

The judgment of the trial court is affirmed.