DALLAS GENERAL DRIVERS, WARE-
HOUSEMEN & HELPERS LOCAL UNION
No. 745 v. VILBIG BROS., Inc.

No. 14140.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1949.

Rehearing Denied Jan. 6, 1950.

Mullinax, Wells & Ball, of Dallas, for appellant.

Clark, Coon, Holt & Fisher, of Dallas, for appellee.

CRAMER, Justice.

This is an appeal from the granting, after hearing, of a temporary injunction. Appellee, Vilbig Bros., Inc., as construction contractor, alleged that it was constructing a building known as the Mercantile Commerce Building located on the block bounded by St. Paul, Jackson, Prather, and Commerce Streets in the downtown section of the City of Dallas; also other buildings in and near the City of Dallas.

Appellee claimed that at the time of filing this suit and at the time of filing its trial pleading on May 25, 1949, it owned no trucks and operated no trucks of any kind as a construction contractor; that it employed no truck drivers, or any person eligible to membership in appellant union, and that appellant union had been so notified; that notwithstanding such knowledge appellant union set up picket lines and was maintaining a picket line carrying banners, etc.; and further alleged damages, material injury, etc.; also alleged on information and belief inability on part of the union to answer in damages; sought an injunction and, pending final hearing, a temporary injunction against such picketing.

Appellant union answered the application for temporary injunction by general and special denials and, affirmatively, that on or about March 1, 1949 appellee had in its employ approximately 20 truck drivers who were paid substandard wages; that such truck drivers, by their written authority, were represented by the union as their collective bargaining agent; alleged that appellee declined appellant's request to bargain collectively and refused to increase the pay of such employees; that thereafter during the month of March defendant discharged and locked out many of its truck drivers because of their membership in appellant union. The union admitted that it thereafter engaged in peaceful picketing on public streets adjacent to appellee's construction jobs and that its pickets carried banners reading substantially as follows: "Teamsters Local Union 745, AFL, protests refusal of Vilbig Bros. Construction Co. to recognize and bargain collectively. We represent truck drivers who Vilbig took off this job when we requested that he pay truck drivers the published contractors and union scale." Appellee, Vilbig Bros., Inc., thereafter filed cause No. 31,497-B in the 44th District Court where a temporary injunction was denied. Appellee then appealed such denial of injunction to this Court, but, before submission, Vilbig Bros., Inc., voluntarily dismissed such appeal and, thereafter, the entire proceeding in the district court.

This second suit was filed after such dismissal of the first suit. The temporary injunction here appealed from temporarily enjoined picketing,—which, after a lapse of time in which appellant sought to negotiate a settlement, had been resumed.

The record of the hearing in this second suit shows that appellee, after dismissal

of the first suit and before filing of this second suit, transferred its trucks and truck-driver employees to Vilbig & Vilbig, a partnership composed of Charles A. Vilbig and his brother, J. W. Vilbig, Jr. These partners in Vilbig & Vilbig are the president and secretary, respectively, of the appellee, Vilbig Bros., Inc. The only other officer or stockholder of Vilbig Bros., Inc., is J. W. Vilbig, Sr. (father of the two brothers), who is inactive in the business. The partnership, during all the time here involved, was the owner of the gravel pit from which the appellee contractor, Vilbig Bros., Inc., secured all its gravel used on the Mercantile-Commerce job; and such corporation, under contract with the partnership, mined and trucked such gravel to the Mercantile-Commerce job, paying the partnership a royalty on the gravel mined. After the transfer of the trucks and truck drivers to the partnership, Vilbig Bros., Inc., then used independent contractors to haul its gravel to the Mercantile-Commerce job, and all its former employees who had been used as truck drivers were transferred to the partnership to work at the gravel pit; there they worked under one John Burke who was also transferred to the partnership with the truck drivers.

In all the transactions the two Vilbig brothers acted as officers of the corporation as seller, and themselves, individually, as partners in the partnership.

The trial court, after hearing all the evidence, found the facts as recited in his judgment, as follows: "* * * that the plaintiff corporation, in good faith and for a valuable consideration, on or about the 2nd day of May, 1949, divested itself of all trucks and transportation equipment theretofore owned or operated by it; that at the time this suit was filed, and this hearing held, the plaintiff corporation neither owned nor operated any trucks or trucking equipment and employed no truck drivers or any person eligible for membership in the defendant union; that plaintiff had advised defendants of such facts both orally and in writing before this suit was filed; that plaintiff corporation, at the time this suit was filed, had no interest in any gravel or concrete mix operations; that

plaintiff was not engaged in hauling any material to or from its building construction operations; that the plaintiff corporation, at the time this suit was filed, and this hearing had, was not engaged in a bona fide labor dispute with the defendants in this cause."

Further, as follows: "* * * that at the time this case was filed the acts of the defendant union, acting by and through its president, Don Vestal, and the three unidentified pickets acting on behalf of the union, had unlawfully combined to create, and did by such acts cause and create restraint of trade in violation of Title 126 of the Revised Civil Statutes of the State of Texas [Vernon's Ann.Civ.St. art 7426 et seq.]; defined therein under the heading of 'Trusts and Conspiracies Against Trade,' in that such acts tended to and did increase the cost on the part of the defendants are in violation of the plaintiff's right to freely pursue its lawful business of building construction; that said acts on the part of the defendants were for the purpose of and did interfere with commerce and the plaintiff's right to its free and unobstructed ingress and egress to the Mercantile Commerce Building; that such conduct on the part of the defendant's pickets deterred free haulers of excavated material to enter the premises known as the Mercantile Commerce Building and to haul therefrom dirt free of cost to the corporation, Vilbig Bros., Inc., construction contractor, and that such picketing deterring free hauling of excavated material from said building site added to the cost of construction to plaintiff's damage in excess of Six Thousand ($6,000.00) Dollars * * *"; and granted a very broad temporary injunction against all picketing, etc.

After the court had announced his judgment, but before it was written up and presented for approval as to form and signed by the judge, appellant made a motion to reopen the testimony so that it might introduce additional testimony as to happenings within six hours after the announcement of the judgment. In such motion it was asserted that within four hours after the judgment was announced by the court,

appellee corporation had commenced accepting and agreeing to fill orders for gravel and cement at its office at 2026 Singleton Boulevard in Dallas; that it had further discovered, after the court announced his decision, that the sale of the trucks was not bona fide. The trial court overruled the motion to reopen the case, and on the following day signed the judgment.

Appellant briefs five points of error, in substance as follows: (a) Peaceful picketing is constitutionally privileged here because a labor dispute actually existed; (b) the trial court's finding that appellee had in good faith made a bona fide sale of its trucks and retired from the transportation business and thus no longer engaged in a labor dispute with the union, was erroneous; (c) the picketing in question did not constitute a trespass; (d) the court's error in not holding the first decree granting a temporary injunction res adjudicata; and (e) error in not granting a motion for a new and further hearing.

■ Appellant's first three assignments raise the sufficiency of the evidence to sustain the trial court's findings of fact that no labor dispute existed at the time of the hearing in this second suit. Without repeating what has heretofore been said, we are of the opinion that the evidence of appellee as to its bona fides in the transfer of trucks and employees, from the corporation to the partnership, was sufficient to raise a question of fact as to the probability of their prevailing on a trial to the merits, at which time a full and final hearing of all fact issues will be heard before the court or, if requested, before a jury. Therefore the court's fact finding, so far as this appeal from the interlocutory temporary injunction is concerned, is binding on us under the Supreme Court's holding in North East Texas Motor Freight Lines v. Dickson, 219 S.W.2d 795.

■■ Appellant by its next briefed assignment asserts that the trial court erred in not holding the first judgment res adjudicata of the questions here. The first suit was based on different facts. New facts came into existence after dismissal of the first suit and before commencement of this second suit. The temporary injunction granted in the first suit was not binding except until the final judgment in that same suit. The dismissal of that proceeding wiped out the temporary injunction and it was not res adjudicata of any fact. The only question that was before the court in the granting of the temporary injunction in the first suit, did not in fact involve direct findings of fact on ultimate issues. It only involved findings that, on the final hearing, the appellee *probably* would prevail, and such interlocutory order was for the purpose only of maintaining the status quo until such final hearing. It would be on the final hearing that the facts would be finally determined.

■ 20 Texas Law Review 770 reads as follows: "The general rule is that an interlocutory judgment will not support a plea of res judicata, Hunt v. Seeley, 5 Cir. 1940, 115 F.2d 205; Jones v. Bledsoe, Tex. Civ.App.1927, 293 S.W. 204; Lewis v. Davis, Tex.Civ.App.1921, 236 S.W. 105; see Corbett v. Rankin Independent School Dist., Tex.Civ.App.1936, 100 S.W.2d 113, 115, but that there must be a final judgment, Stafford v. Powell, Tex.Civ.App.1941, 148 S.W.2d 965; Jones v. Bledsoe, Tex.Civ. App.1927, 293 S.W. 204; 2 Black, Judgments, 1891, sec. 695,—one that settles finally the issues on the merits, Dallas Coffee and Tea Co. v. Williams, Tex.Civ. App.1932, 45 S.W.2d 724; writ of error dismissed; Patton v. Mitchell, Tex.Civ. App.1928, 13 S.W.2d 146; Duke v. Gilbreath, Tex.Civ.App.1927, 2 S.W.2d 324; writ of error dismissed; Danner v. Walker-Smith Co., Tex.Civ.App.1912, 154 S.W. 295, writ of error dismissed; see Houston v. Musgrove, 1871, 35 Tex. 594, 595. The Texas Courts have strictly adhered to the general rule with an exception in the instance of an interlocutory judgment sustaining or overruling a plea of privilege, the weight of authority apparently being that such judgment is res judicata of the right to transfer. * * *."

■■ Appellant's last assignment complains of the trial court's refusal to reopen the evidence after he had announced

his decision from the bench but before the written judgment had been finally prepared and signed by him. The trial court's refusal in this instance was a matter within his discretion and we can reverse only for an apparent abuse of that discretion. When the motion was overruled the trial court stated that he would hear a motion to dissolve, if filed, after 10 days notice to appellee. Under such state of the record we cannot say there was an apparent abuse of discretion.

Finding no reversible error in the record, all assignments are overruled and the judgment below is affirmed.