JOHNSON v. CRAVENS.

No. 2830.

Court of Civil Appeals of Texas. Eastland.
Nov. 3, 1950.

Rehearing Denied Dec. 1, 1950.

John O. Harris, Coleman, for appellant.

William O. Breedlove, Brownwood, for appellee.

LONG, Justice.

H. L. Cravens sued Dr. Jane L. Johnson in Brown County upon an open account for premiums on a liability insurance policy. Dr. Johnson filed a plea of privilege to be sued in Coleman County which she alleged was the county of her residence. Mr. Cravens controverted this plea and alleged the residence of Dr. Johnson to be in Brown County. Upon a hearing to the court, the plea of privilege was overruled. Dr. Johnson has appealed.

Appellant contends the evidence is insufficient to sustain the finding of the trial court that she was a resident of Brown County. We have carefully considered the evidence and have concluded that this point should be overruled.

 Appellant owned a residence and a swimming pool at a place in Brown County known as Hot Wells. She also owned an office building in the City of Coleman in Coleman County. About one year before the filing of this suit, appellant appeared at the office of appellee and represented to him that she lived in Brownwood and that she wanted to make a loan with Jefferson Standard Life Insurance Company upon her Coleman property. She advised appellee many times that her home was in Brownwood. Mr. Cravens testified that she made this representation as to her place of residence at the time he sold her the insurance involved here; that thereafter on each month he mailed her a statement of the account to her address in Brownwood; that none of these letters were returned to him; furthermore, the evidence discloses that appellant, at the date of the trial, had some furniture in the home owned by her in Brownwood.

Appellant was not present at the trial of this case. There is no explanation of her absence. Her son testified that he did not know where she was at that time. She did not see fit to appear and submit herself to cross-examination on the question of the place of her residence. This, together with the other facts and circumstances in the record, we deem sufficient to sustain the finding of the trial court that she resided in Brown County. There was evidence that Dr. Johnson made her home in Coleman but it is our duty to view the evidence in its most favorable light in support of the judgment.

Appellant also contends the court erred in overruling the plea of privilege because appellee failed to prove a cause of action against appellant. We recognize the rule that in order to overcome a plea of privilege plaintiff must introduce evidence sufficient to show a meritorious cause of action against the defendant. This rule, however, does not apply unless the existence of a cause of action is a venue fact. This being a suit on an open account, we are of the opinion that the existence of cause of action is not a venue fact and that it was not necessary for appellee to show that he had a meritorious cause of action against appellant. Hermer v. Monnig Dry Goods Co., Tex.Civ.App., 77 S.W.2d 895.

The judgment of the trial court is affirmed.