The HOMERIGHT COMPANY, Appellant,

v.

EXCHANGE WAREHOUSES, INC., Appellee.

No. 842.

Court of Civil Appeals of Texas, Tyler.

July 17, 1975.

Rehearing Denied August 7, 1975.

Chitwood, Riley & Snyder, Inc. (A Professional Corp.), Paul J. Chitwood, Dallas, for appellant.

Creel, Atwood & Spinuzzi, L. E. Creel, III, Dallas, for appellee.

DUNAGAN, Justice.

This is an appeal from an order of dismissal. Plaintiff-appellant, the Homeright Company, sued appellee, Exchange Warehouses, Inc., for breach of a bailment contract alleging that appellee, at the time of the termination of the contract failed to redeliver to appellant or account for certain merchandise previously delivered to appellee.

Appellant in its original petition in this cause alleged therein that appellee made a written offer to serve it in the storage and handling of various items of merchandise belonging to appellant. Exhibit "A" to appellant's original and first amended petitions is incorporated in the petition as the written offer by appellee for the services set out therein, and the charges and conditions. Appellant then alleged that during the period of November 1, 1969, up to September 26, 1970, it had delivered to appellee the merchandise described in paragraph 2 of its original petition. Appellant described such merchandise by physical description, to-wit: SIDE–BY–SIDE REFRIGERATORS, ICE MAKERS, UPRIGHT REFRIGERATORS, TOP MOUNT REFRIGERATORS, COMPACT REFRIGERATORS, RADARANGES, and AIR CONDITIONERS, including in the description the model numbers of same and the cost per unit. Appellant alleged that during that same period of time, appellee, at the instance and order of appellant, made shipments to its customers, again describing such merchandise shipped by physical description and quantities of each, and the model numbers. Appellant further alleged delivery to appellee of a small number of items which were returned goods, again physically describing such items and giving quantity and model numbers. Appellant also alleged that it had paid to appellee charges in accordance with the offer (Exhibit "A") which it had accepted.

By the allegations as contained in paragraph 3 of the original petition (also paragraph 3 of the first amended original petition), appellant alleged that it and appellee jointly made a physical count and/or inventory of appellant's merchandise in the possession of appellee on the 26th day of September, 1970, and that the count showed appellee to be in possession of physically described merchandise, the quantities of such items and the model numbers thereof. Appellant further alleged that appellee failed to account to it for all of the merchandise previously delivered into the possession of appellee. These allegations described the missing merchandise physically, the number of each item missing and the model numbers.

The trial court, on July 2, 1974, sustained appellee's special exceptions to appellant's original petition in the instant case and granted appellant leave to file amended pleadings until 10:00 o'clock A.M. September 9, 1974. Appellant timely filed its first amended original petition on September 9, 1974.

In its first amended original petition, appellant alleged generally (1) a written offer from appellee to receive and handle for appellant certain described appliances, for specific charges and with certain conditions and limitations, (2) that the offer was ac-

cepted and that within a certain time span, a specific number of appliances were received by appellee for the account of appellant, (3) that during that same time span and at the instance of appellant, appellee removed from storage and shipped a specific number of the appliances to appellant's customers, (4) that at the end of that time span, appellant and appellee jointly made a physical inventory of the appliances still in the hands of appellee, (5) that the physical inventory showed that appellee had a specific number of appliances on hand, (6) that as a result of the physical inventory, appellee could not account for and, at the time of the suit, had not accounted for a specific number of the appliances, to appellant's damage in the amount of $14,079.00.

Appellee also specially excepted to the allegations of appellant's first amended original petition, claiming insufficiency in the pleadings because (1) the appliances were not described by serial number, (2) there were no factual allegations sufficiently detailing the time that the appellee allegedly took such merchandise into its possession, or proof of delivery of such merchandise to appellee, or condition of such merchandise. Appellee maintained that it would be unable to properly prepare its defense until such facts were pleaded.

We think it would be helpful to first state the chronology of events which we think are pertinent to a proper disposition of this appeal.

(1) Appellant filed its original petition on October 12, 1971, Cause No. 71–10766, in the 68th District Court of Dallas County.

(2) On November 19, 1971, appellee filed its first amended answer with special exceptions.

(3) On April 12, 1972, appellee filed its motion for partial summary judgment.

(4) On April 13, 1972, a pre-trial hearing was held and order was entered on July 27, 1972, sustaining appellee's special exceptions and requiring appellant to re-plead.

(5) On June 13, 1972, a hearing was had on appellee's motion for partial summary judgment. The court sustained said motion, finding no genuine issue of any material fact regarding the limited liability, if any, of appellee to appellant, and limited the liability, if any, to the warehouse receipts issued by appellee to appellant.

(6) The case was set for trial on the remaining issues on October 9, 1972.

(7) On October 9, 1972, the appellant took a voluntary non-suit in Cause No. 71–10766 without a final and appealable judgment being entered.

(8) On October 12, 1972, appellant filed original petition No. 73–7758 in the 160th District Court of Dallas County.

(9) On April 10, 1974, appellee filed its first amended answer, motion to transfer, motion for partial summary judgment and counterclaim.

(10) On June 7, 1974, defendant's motion to transfer was granted, ordering said cause transferred to the 68th District Court.

(11) On July 1, 1974, a pre-trial hearing was had in the 68th District Court and the court sustained appellee's special exceptions 1–7 and specified the appellant must amend in conformity with the court's ruling no later than September 9, 1974.

(12) On September 9, 1974, the appellant filed its first amended original petition. It is the sufficiency of this pleading that is before this court for review.

(13) On October 22, 1974, the appellee filed its second amended original answer and motion to dismiss.

(14) On October 24, 1974, the court, on appellee's motion, dismissed appellant's cause of action with prejudice. It is from this order that the appellant has appealed.

■ The allegations of the petition must be accepted as true in testing the sufficiency of the pleadings on special exceptions thereto. *Farias v. Besteiro,* 453 S.W.2d 314 (Tex.Civ.App., Corpus Christi, 1970, writ ref., n. r. e.); *City of Roma v. Starr County,* 428 S.W.2d 851 (Tex.Civ.

App., San Antonio, 1968, writ ref., n. r. e.). An order dismissing the case with prejudice is a proper order to be entered when special exceptions going to the existence of a cause of action are sustained, and plaintiff refuses to amend. *City of Roma v. Starr County*, supra. In such instances, the issue of dismissal goes to the discretion of the trial court and should not be disturbed in the absence of an abuse of discretion. *Ware v. Crystal City Independent School District*, 489 S.W.2d 190 (Tex.Civ.App., San Antonio, 1973, writ dism.).

In our opinion, appellant's pleadings as contained in its first amended original petition are sufficient under Rules 45 and 47, Texas Rules of Civil Procedure, and the sustaining of appellee's special exceptions to appellant's first amended original petition and dismissal of its cause of action were abuses of discretion.

Rule 45 provides in part:

"Pleadings * * * shall * * * (c)onsist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

Rule 47, T.R.C.P., provides in part:

"A pleading * * * shall contain (a) a short statement of the cause of action sufficient to give fair notice of the claim involved, and (b) a demand for judgment for the relief to which the party deems himself entitled."

Next, appellee contends that the partial summary judgment granted it in October, 1972, in appellant's first cause of action No. 71–10766, which was filed in the 68th District Court of Dallas County on October 12, 1971, is res judicata.

The trial court by the partial summary judgment decreed " * * * that, as a matter of law, the liability of the Defendant (appellee), if any liability there be, is limited by the terms of the warehouse receipts issued by the Defendant to the Plaintiff (appellant); and that Defendant's liability, if any liability there be, is limited to 20 cents per pound of the articles stored with the Defendant * * * *". The court further ordered " * * * that the damage issues to be considered at the trial on the merits of this cause shall be limited by the provisions contained in the Defendant's warehouse receipts."

Appellee argues that the doctrine of "res judicata" applies since the trial court granted its motion for partial summary judgment limiting liability if there was any, and therefore, appellee is barred from litigating the issue again. Then, appellee contends that since this issue is barred, "(t)here are no factual disputes of a material nature as to what the parties did, but only as to what the contract was."

The partial summary judgment was interlocutory. Since appellant non-suited its cause of action in Cause No. 71–10766 (its first cause of action against appellee) without a severance of the other issues between the parties, the partial summary judgment never became final and was non-appealable. *Wilcox v. St. Mary's University*, 501 S.W.2d 875 (Tex.1973); *Steeple Oil & Gas Corp. v. Amend*, 394 S.W.2d 789 (Tex.1965). A partial summary judgment on issue of liability alone, as in the case at bar, is interlocutory and not appealable. Rule 166–A, T.R.C.P. *United States Automobile Assoc. v. Eberly*, 399 S.W.2d 886 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.), and cases therein cited. This rule provides, among other things that " * * * (a) summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." The rule clearly states that such order is interlocutory, and is not appealable. *United States Automobile Assoc. v. Eberly*, supra.

The partial summary judgment did not dispose of the damage issues. The judgment provides for the trial of such issues on

the trial of the merits of the cause of action. No order of severance was entered. Since the judgment did not dispose of all issues in the cause, it was not a final judgment. *Coastal States Crude Gathering Co. v. Strauch,* 410 S.W.2d 945 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); *Minchen v. Murrah,* 285 S.W.2d 372 (Tex.Civ.App., El Paso, 1955, writ ref.).

■ The general rule is that an interlocutory judgment would not support a plea of res judicata but that there must be a final judgment, i. e., one that settles finally the issues on the merits. *McGrath v. San Antonio and Farmers Dairies,* 398 S.W.2d 618 (Tex.Civ.App., El Paso, 1965, writ ref., n. r. e.); *Brown v. Singer Sewing Machine Co.,* 352 S.W.2d 306 (Tex.Civ.App., Austin, 1961, n. w. h.); *Dallas General Drivers, Warehousemen, & Helpers Local Union v. Vilbig Bros., Inc.,* 225 S.W.2d 617 (Tex.Civ.App., Dallas, 1949, writ ref., n. r. e.); *Cooper v. Cooper,* 168 S.W.2d 686 (Tex.Civ.App., Galveston, 1943, n. w. h.); *Stafford v. Powell,* 148 S.W.2d 965 (Tex.Civ.App., Eastland, 1941, n. w. h.); *Old v. Clark,* 271 S.W. 183 (Tex.Civ.App., Dallas, 1925, n. w. h.); *Lewis v. Davis,* 236 S.W. 105 (Tex.Civ.App., Austin, 1921, n. w. h.); 34 T.J.2d, sec. 468, page 516.

■ The general rule has been strictly adhered to in this state with an exception in the instances of an interlocutory judgment in plea of privilege cases. An interlocutory judgment sustaining or overruling a plea of privilege is an exception to the rule that an interlocutory judgment will not support a plea of res judicata, and such a judgment is res judicata of the right to transfer. *Dallas General Drivers, Warehousemen, & Helpers Local Union v. Vilbig Bros., Inc., supra.*

Even in plea of privilege cases, it has been held that it is not strictly accurate to speak in terms of res judicata in instances where a plaintiff takes a non-suit before judgment, for the doctrine normally applies only when there has been a final judgment on the merits and the matter concluded. *Southwestern Investment Company v. Gib-son,* 372 S.W.2d 754 (Tex.Civ.App., Ft. Worth, 1963, n. w. h.).

■ An interlocutory judgment in a suit that terminates in voluntary discontinuance not amounting to retraxit does not operate as res judicata in a subsequent suit. *Lammon v. City of San Antonio,* 223 S.W.2d 533 (Tex.Civ.App., San Antonio, 1949, writ ref., n. r. e.); 34 T.J.2d, sec. 486, page 540.

For all the reasons above stated, the judgment is reversed and the cause is remanded to the trial court for a trial on its merits.