Reuben VISAGE and Paul
Lawson, Appellants,

v.

Lowell R. MARSHALL, Appellee.

No. 12–86–00236–CV.

Court of Appeals of Texas,
Tyler.

Nov. 30, 1988.

Rehearing Denied Jan. 12, 1989.

Kerry Cammack, Longview, for appellants.

Frank Supercinski, Longview, for appellee.

SUMMERS, Chief Justice.

Appellants, Reuben Visage and Paul Lawson, appeal from a judgment in a declaratory judgment suit brought by appellee, Lowell R. Marshall. This suit involves the levy and sale under writ of execution of a money judgment Marshall held against appellants. The trial court awarded Marshall declaratory relief and exemplary damages of $50,000. We reform the judgment by deleting therefrom the award of exemplary damages, and the judgment as reformed is affirmed.

On April 11, 1980, the 188th District Court of Gregg County, Texas, rendered a money judgment (hereinafter "Texas judgment") for $35,763.08 against appellants in favor of Marshall which was subsequently affirmed by this court. *Visage v. Mar-*

*shall,* 632 S.W.2d 667 (Tex.App.—Tyler 1982, writ ref'd n.r.e.).

On November 25, 1981, appellants obtained an assignment of a California judgment (hereinafter "California judgment") in the amount of $22,633.82 against Marshall. The California judgment was a default judgment dated May 12, 1975, rendered by the Superior Court for Marin County, California. This judgment recited on its face that Marshall had been properly served with the summons and the complaint. Appellants filed copies of the California judgment with the assignment in Gregg County and obtained a writ of execution pursuant to Tex.R.Civ.P. 637. A Gregg County sheriff's deputy levied upon and attached the Texas judgment as Marshall's only property located in Gregg County.

Marshall obtained a temporary restraining order from the 188th District Court restraining the execution sale of the Texas judgment. Marshall then sought a temporary injunction which the court denied after a hearing on March 14, 1983. The execution sale proceeded after proper notice, and appellants purchased the Texas judgment at the sale with their bid of $5,000. Appellants subsequently executed a release of the Texas judgment and halted all enforcement proceedings thereon.

Marshall then filed the instant suit in the 124th District Court for Gregg County seeking a declaratory judgment and damages for wrongful execution. He prevailed, receiving the declaratory judgment and an award of $50,000 in *exemplary* damages found by the jury. Appellants' motion for judgment notwithstanding the verdict, motion for remittitur, and motion for new trial and to set aside and vacate the judgment were all overruled. Appellants bring four points of error.

By their first point of error appellants assert that, as a matter of law, a valid final Texas judgment is a property right of the judgment holder which may be used to satisfy creditors. Appellants contend in their third point of error that there is no public policy in Texas against the levy upon and execution sale of a Texas judgment. These points will be discussed together.

■ Appellants argue that a judgment may be levied upon and sold because Tex. R.Civ.P. 637 allows levy upon all non-exempt property, and Tex.Prop.Code Ann. § 42.002 (Vernon 1984) does not specifically list a judgment as exempt property. Appellants cite neither statute nor case authority in support of their contention that the judgment of a court is subject to a levy or writ of execution. Furthermore, our research reveals no such authority, statutory or otherwise. We are persuaded that *Needham v. Cooney,* 173 S.W. 979 (Tex. Civ.App.—El Paso 1915, writ ref'd), which forbids the levy of execution on a judgment, governs the disposition of this issue. Thus, we hold that the levy by appellants on Marshall's Texas judgment and their purchase of the same at public auction was a nullity and was correctly set aside by the trial court. Appellants' first and third points are overruled.

Appellants assert by their second point of error that the trial of this cause was barred by the doctrine of res judicata. They argue that the failure of the trial court to grant the temporary injunction requested by Marshall resulted in the disposition of all issues raised by the application for temporary injunction.

■ Appellants failed to preserve this issue for review. The record before this court does not contain the application for temporary injunction or its response. Additionally, no written copy of the trial court's denial of the application for temporary injunction is provided in the record. The record does include a transcript of the statement of facts from the hearing of the temporary injunction, as well as memorandum briefs filed by each party after that hearing. Without the application for temporary injunction, the response thereto, and the order of the trial court denying the temporary injunction, it is impossible for this court to determine what issues were decided by that order.

■ Moreover, appellants' argument appears to be based upon the incorrect

premise that direct appeal is the only option for the losing party after the denial of an application for temporary injunction. When the court makes a ruling on a temporary injunction, the dissatisfied litigant (Marshall) may elect to proceed in one of two ways. He may either appeal from the interlocutory order or he may seek a trial on the merits. *Texaco, Inc. v. Parker*, 373 S.W.2d 870, 871–73 (Tex.Civ.App.—El Paso 1963, writ ref'd n.r.e.); *Garza v. Mitchell*, 607 S.W.2d 593, 599–600 (Tex.App.—Tyler 1980, no writ). When the denial of a temporary injunction follows a hearing in which the merits of the issues raised were fully developed and that order is appealed, the party appealing the order is bound by matters fully litigated and determined as if he were appealing from a final judgment. *Brooks v. Jones*, 578 S.W.2d 669, 672–73 (Tex.1979); *Wilson v. Abilene, ISD*, 204 S.W.2d 407, 408–411 (Tex.Civ.App.—Eastland 1947, writ ref'd n.r.e.); *Garza*, 607 S.W.2d at 599–600. However, Marshall elected to file the instant suit seeking declaratory relief and damages rather than pursuing an appeal of the denial of his application for temporary injunction. Where the losing party elects not to appeal, he will not be bound in the subsequent suit by issues presented in the prior hearing on the temporary injunction. *Brooks*, 578 S.W.2d at 673. Therefore, Marshall's suit against appellants was not barred by res judicata.

Appellants also claim by their second point that the trial court's finding, that the California judgment was not entitled to full faith and credit, was based upon an improper collateral attack on that judgment. Even if this contention is correct, it does not affect the disposition of this appeal and is, therefore, irrelevant. Appellants' second point of error is overruled.

By their fourth point of error appellants challenge the sufficiency of the evidence to support the jury award of $50,000 in exemplary damages.

The court in its charge to the jury submitted the following instruction on gross negligence:

Gross negligence means more than momentary thoughtlessness, inadvertence, or error in judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of the persons affected by it.

The court then submitted the following special issues to the jury, each of which the jury answered, "We do":

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Defendants personally, or through their attorney acting on their behalf, were grossly negligent in having the Sheriff execute on the Texas Judgment in favor of Plaintiff?

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Defendant's [sic] personally[,] or through their attorney acting on their behalf, in having the Sheriff execute on the Texas Judgment in favor of Plaintiff, acted through bad motive or fraud?

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that Defendant's [sic] personally, or through their attorney acting on their behalf, in having the Sheriff execute on the Texas Judgment in favor of Plaintiff, did so to intentionally oppress or harass Plaintiff?

In response to Special Issue No. 4, the jury determined that the appropriate amount of exemplary damages was $50,-000.

Appellants objected to the submission of each of the special issues on the basis that there was no evidence or, alternatively, insufficient evidence to support the submission to the jury. Appellants raised the same complaints in their motion for judgment notwithstanding the verdict and in their motions for new trial and to set aside and vacate the judgment.

When reviewing a "no evidence" point, the appellate court considers only the evidence and inferences tending to support the jury verdict, disregarding all evidence to the contrary. *International Bank, N.A. v. Morales,* 736 S.W.2d 622, 624 (Tex. 1987); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Appellants' levy upon the Texas judgment was in accord with the trial court's denial of Marshall's application for temporary injunction. A careful inspection of the record below reveals no evidence that the appellants acted with such a conscious indifference to the rights, welfare, or safety of Marshall so as to constitute gross negligence. Likewise, there is no evidence that the appellants acted through bad motive or fraud in having the sheriff execute on the Texas judgment. The jury answer to Special Issue No. 3 certainly must have been based upon suspicion or surmise about appellant's motives. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. (citations omitted)." *Kindred v. Con/Chem, Inc,* 650 S.W.2d 61, 63 (Tex.1983). Moreover, there is no jury finding of any actual damages sustained by Marshall. "Presumed harm" is not sufficient to support an award of exemplary damages when no actual damages are found. *Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901 (Tex.1985); *Doubleday & Co., Inc. v. Rogers,* 674 S.W.2d 751 (Tex.1984). Appellants' fourth point of error is sustained.

When a "no evidence" point is sustained, judgment is usually rendered for the appellant unless the interests of justice require another trial. *Garza,* 395 S.W.2d at 823. Tex.R.App.Proc. 81(c) provides that an appellate court should render such judgment that the court below should have rendered unless a remand for further proceedings is necessary. Because the jury findings in response to Special Issues Nos. 1–4, inclusive, are not supported by any evidence, the trial court erred in awarding judgment for exemplary damages.

We conclude that the interest of justice does not require a remand in this case. Therefore, we reverse that part of the judgment awarding Marshall $50,000 in exemplary damages and here render judgment denying him that relief; otherwise, the judgment is affirmed.