COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO.  
2-02-035-CV
 
CYRIL L. SMITH                                                                    APPELLANT 
 
V.
 
TEXAS BOARD OF PARDONS AND PAROLES                              APPELLEE 
 
------------
 
FROM THE 
17TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Cyril Smith brings this appeal after the trial court signed an 
order dismissing his pro se suit for want of prosecution. We will affirm. 
        On May 27, 1993, a jury found Appellant guilty of incest with his step-daughter, a child under seventeen, and sentenced him to ten years’ 
confinement. He was released on mandatory supervision on February 1, 1999 
and was given a discharge date of December 29, 2004. Under the conditions 
of his parole, Appellant was required to participate in the Texas Sex Offender 
Registration Program. See Tex. Gov’t Code Ann. § 508.186 (Vernon Supp. 
2004); Tex. Code Crim. Proc. Ann. art. 62.01 et seq. (Vernon Supp. 2004). 
The program, among other things, required that Appellant register as a sex 
offender with the local law enforcement authority, not contact his victim, not 
operate or patronize any sexually-oriented businesses, refrain from purchasing 
or possessing sexually explicit materials, and participate in counseling and 
treatment. 
        On July 12, 2001, Appellant filed a “Motion for Temporary Restraining 
Order and/or Preliminary Injunction or/a Mandamus in the Alternative” against 
the Texas Board of Pardons and Paroles (“Board”) in the 17th District Court of 
Tarrant County. Appellant challenged the applicability and constitutionality of 
the condition of his release that required him to participate in the sex offender 
program. On the same day, Appellant also filed an “Application to File Relator’s 
Mandamus.” The Board filed its answer on September 27, 2001. On October 
9, 2001, Appellant filed a “Motion for Order for Temporary Injunction.” 
        The trial court denied Appellant’s request for a temporary injunction on 
November 15, 2001 and set the case for trial on January 14, 2002. Appellant 
states in his brief that he was arrested for a parole violation on January 9, 
2002. See Tex. R. App. P. 38.1(f) (allowing appellate court in a civil case to 
accept as true uncontroverted facts). On January 14, 2002, the trial court 
dismissed Appellant’s case for want of prosecution. See Tex. R. Civ. P. 165a. 
While the trial court did not state the reasons for the dismissal in its order, 
Appellant acknowledges in his brief that his failure to appear caused the 
dismissal. At present, Appellant is an inmate incarcerated at the Institutional 
Division of the Texas Department of Criminal Justice in Colorado City, Texas. 
        Appellant failed to request a reporter’s record; thus, we are only able to 
consider and decide those points that do not require a reporter’s record. See 
Tex. R. App. P. 37.3(c). Although Appellant timely filed his appeal from the trial 
court’s order dismissing his case for want of prosecution and timely filed a brief 
in support of his appeal, the brief contains no points or argument addressing the 
dismissal itself. Appellant contends that his constitutional rights were denied 
because he was denied access to the trial court. However, there is nothing in 
the record before us demonstrating that he requested a bench warrant, that he 
otherwise sought or was denied access to the trial court, or that he raised this 
issue by motion, objection, or other complaint in the trial court. See Tex. R. 
App. P. 33.1; see, e.g., Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 
341-42 (Tex. App.—Corpus Christi 1997, no. writ) (discussing prisoners’ 
constitutional right to access the courts). We hold that Appellant has not 
preserved for our review his complaint that he was denied access to the trial 
court. See Tex. R. App. P. 33.1. 
        Appellant urges us to consider his briefing with liberality and patience, in 
accordance with Haines v. Kerner, which holds that a pro se prison inmate’s 
pleadings should be held to less stringent standards than those drafted by 
lawyers. 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972). Even doing so, 
we cannot afford him the relief he requests. In much of his briefing, Appellant 
questions the authority of the Board to impose the condition regarding the sex 
offender program, and he complains about the constitutionality of the program. 
In his prayer for relief, Appellant requests “that this court grant him relief and 
that a temporary injunction be issued.” Liberally reading Appellant’s brief, his 
sole complaint lies with the trial court’s decision to deny his request for 
temporary injunctive relief. 
        When a trial court rules on a temporary injunction, the dissatisfied litigant 
has two procedural options to challenge that ruling: (1) appeal from the 
interlocutory order or (2) seek a trial on the merits. See Tex. Civ. Prac. & Rem. 
Code Ann. § 51.014(a)(4) (Vernon Supp. 2004) (governing appeals from 
interlocutory orders); Visage v. Marshall, 763 S.W.2d 17, 19 (Tex. App.—Tyler 
1988, no writ); Texaco, Inc. v. Parker, 373 S.W.2d 870, 871-73 (Tex. Civ. 
App.—El Paso 1963, writ ref’d n.r.e.). Here, Appellant did not file an appeal 
from the interlocutory order. See Tex. Civ. Prac. & Rem. Code Ann. § 
51.014(a)(4); Tex. R. App. P. 28.1. Furthermore, because Appellant’s case was 
dismissed for want of prosecution, the interlocutory order was wiped out by 
virtue of the dismissal. See Dallas Gen. Drivers, Warehousemen & Helpers 
Local Union No. 745 v. Vilbig Bros., 225 S.W.2d 617, 620 (Tex. Civ. 
App.—Dallas 1949, writ ref’d n.r.e.) (holding that purpose of interlocutory order 
is to maintain the status quo pending a final judgment and that dismissal of the 
suit “wiped out the temporary injunction”); see also Massey v. Columbus State 
Bank, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) 
(stating that a dismissal for want of prosecution “is not an adjudication of the 
rights of the parties but simply places the parties, in the position they were in 
prior to filing the action”). Thus, the merits of the trial court’s order denying 
the temporary injunction are not properly before us, and we decline to rule on 
them.
        Nowhere in Appellant’s brief does he argue that the court erred in 
dismissing his case for want of prosecution. See Tex. R. App. P. 38.1(h); Maida 
v. Fire Ins. Exch., 990 S.W.2d 836, 838 (Tex. App.—Fort Worth 1999, no pet.) 
(describing the proper means to challenge a case that has been dismissed for 
want of prosecution). We therefore hold that, with respect to the order of 
dismissal itself, Appellant has failed to present any addressable point for us to 
review and upon which we could grant relief. See Tex. R. App. P. 38.1(h). 
Accordingly, we overrule Appellant’s sole point. 
        In his brief and in the addendum to his brief, Appellant also complains of 
matters related to the revocation of his parole on February 7, 2002. We agree 
with the State that such a challenge is prohibited in this action because a 
person alleging irregularities occurring during the proceedings leading to the 
revocation of parole should raise those issues by way of a postconviction 
application for writ of habeas corpus under article 11.07 of the code of criminal 
procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004); 
Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist., 910 S.W.2d 
481, 484 (Tex. Crim. App. 1995). The Court of Criminal Appeals retains the 
exclusive authority to grant relief in such a proceeding. See Tex. Code Crim. 
Proc. Ann. art. 11.07; Bd. of Pardons & Paroles, 910 S.W.2d at 484. Thus, 
we do not have jurisdiction to grant Appellant the relief he requests concerning 
the revocation of his parole. 
        Finally, the Board asks us to sanction Appellant at least $500 for bringing 
this appeal, which it characterizes as an “unfounded and frivolous action.” The 
imposition of damages for frivolous appeals is governed by Texas Rule of 
Appellate Procedure 45 and is a matter of discretion with the reviewing court. 
See Tex. R. App. P. 45; Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 306 (Tex. 
App.—Houston [14th Dist.] 1995, no writ). Although imposing sanctions is 
within our discretion, we will do so only in circumstances that are truly 
egregious. See Chapman v. Hootman, 999 S.W.2d 118, 125 (Tex. 
App.—Houston [14th Dist.] 1999, no pet.); City of Houston v. Crabb, 905 
S.W.2d 669, 676 (Tex. App.—Houston [14th Dist.] 1995, no writ). We find no 
such circumstances, and we therefore deny the Board’s request for appellate 
sanctions.
        Having overruled Appellant’s sole point, we affirm the trial court’s order 
dismissing his suit for want of prosecution. 
                                                          PER CURIAM 

PANEL F: GARDNER, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting
by Assignment)
 
DELIVERED: November 20, 2003