SMITH V. TEXAS BOARD OF PAROLES AND PARDONS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-035-CV

CYRIL L. SMITH APPELLANT

V.

TEXAS BOARD OF PARDONS AND PAROLES APPELLEE

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Cyril Smith brings this appeal after the trial court signed an order dismissing his pro se suit for want of prosecution.  We will affirm.

On May 27, 1993, a jury found Appellant guilty of incest with his step-daughter, a child under seventeen, and sentenced him to ten years’ confinement.  He was released on mandatory supervision on February 1, 1999 and was given a discharge date of December 29, 2004.  Under the conditions of his parole, Appellant was required to participate in the Texas Sex Offender Registration Program.  
See
 
Tex. Gov’t Code Ann. 
§ 508.186 (Vernon Supp. 2004);
 Tex. Code Crim. Proc. Ann.
 art. 62.01 et seq. (Vernon Supp. 2004).  The program, among other things, required that Appellant register as a sex offender with the local law enforcement authority, not contact his victim, not operate or patronize any sexually-oriented businesses, refrain from purchasing or possessing sexually explicit materials, and participate in counseling and treatment. 

On July 12, 2001, Appellant filed a “Motion for Temporary Restraining Order and/or Preliminary Injunction or/a Mandamus in the Alternative” against the Texas Board of Pardons and Paroles (“Board”) in the 17
th
 District Court of Tarrant County.  Appellant challenged the applicability and constitutionality of the condition of his release that required him to participate in the sex offender program.  On the same day, Appellant also filed an “Application to File Relator’s Mandamus.”  The Board filed its answer on September 27, 2001.  On October 9, 2001, Appellant filed a “Motion for Order for Temporary Injunction.” 

The trial court denied Appellant’s request for a temporary injunction on November 15, 2001 and set the case for trial on January 14, 2002.  Appellant states in his brief that he was arrested for a parole violation on January 9, 2002.  
See
 
Tex. R. App. P.
 38.1(f) (allowing appellate court in a civil case to accept as true uncontroverted facts).  On January 14, 2002, the trial court dismissed Appellant’s case for want of prosecution.  
See
 
Tex. R. Civ. P.
 165a.  While the trial court did not state the reasons for the dismissal in its order, Appellant acknowledges in his brief that his failure to appear caused the dismissal.  At present, Appellant is an inmate incarcerated at the Institutional Division of the Texas Department of Criminal Justice in Colorado City, Texas. 

Appellant failed to request a reporter’s record; thus, we are only able to consider and decide those points that do not require a reporter’s record.  
See
 
Tex. R. App. P.
 37.3(c).  Although Appellant timely filed his appeal from the trial court’s order dismissing his case for want of prosecution and timely filed a brief in support of his appeal, the brief contains no points or argument addressing the dismissal itself.  Appellant contends that his constitutional rights were denied because he was denied access to the trial court.  However, there is nothing in the record before us demonstrating that he requested a bench warrant, that he otherwise sought or was denied access to the trial court, or that he raised this issue by motion, objection, or other complaint in the trial court.  
See 
Tex. R. App. P.
 33.1; 
see, e.g., Pedraza v. Crossroads Sec. Sys.
, 960 S.W.2d 339, 341-42 (Tex. App.—Corpus Christi 1997, no. writ) (discussing prisoners’ constitutional right to access the courts).  We hold that Appellant has not preserved for our review his complaint that he was denied access to the trial court.  
See
 
Tex. R. App. P.
 33.1.  

Appellant urges us to consider his briefing with liberality and patience, in accordance with 
Haines v. Kerner
, which holds that a 
pro se
 prison inmate’s pleadings should be held to less stringent standards than those drafted by lawyers.  404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972).  Even doing so, we cannot afford him the relief he requests.   In much of his briefing, Appellant questions the authority of the Board to impose the condition regarding the sex offender program, and he complains about the constitutionality of the program. In his prayer for relief, Appellant requests “that this court grant him relief and that a temporary injunction be issued.”  Liberally reading Appellant’s brief, his sole complaint lies with the trial court’s decision to deny his request for temporary injunctive relief.

When a trial court rules on a temporary injunction, the dissatisfied litigant has two procedural options to challenge that ruling:  (1) appeal from the interlocutory order or (2) seek a trial on the merits.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a)(4) (Vernon Supp. 2004) (governing appeals from interlocutory orders); 
Visage v. Marshall
, 763 S.W.2d 17, 19 (Tex. App.—Tyler 1988, no writ); 
Texaco, Inc. v. Parker
, 373 S.W.2d 870, 871-73 (Tex. Civ. App.—El Paso 1963, writ ref’d n.r.e.).  Here, Appellant did not file an appeal from the interlocutory order.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a)(4); 
Tex. R. App. P.
 28.1.  Furthermore, because Appellant’s case was dismissed for want of prosecution, the interlocutory order was wiped out by virtue of the dismissal.  
See Dallas Gen. Drivers, Warehousemen & Helpers Local Union No. 745 v. Vilbig Bros
., 225 S.W.2d 617, 620 (Tex. Civ. App.—Dallas 1949, writ ref’d n.r.e.) (holding that purpose of interlocutory order is to maintain the status quo pending a final judgment and that dismissal of the suit “wiped out the temporary injunction”); 
see also Massey v. Columbus State Bank
, 35 S.W.3d 697, 700 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. denied) (stating that a dismissal for want of prosecution “is not an adjudication of the rights of the parties but simply places the parties, in the position they were in prior to filing the action”).  Thus, the merits of the trial court’s order denying the temporary injunction are not properly before us, and we decline to rule on them.

Nowhere in Appellant’s brief does he argue that the court erred in dismissing his case for want of prosecution.  
See
 
Tex. R. App. P.
 38.1(h);
 Maida v. Fire Ins. Exch.
, 990 S.W.2d 836, 838 (Tex. App.—Fort Worth 1999, no pet.) (describing the proper means to challenge a case that has been dismissed for want of prosecution).  We therefore hold that, with respect to the order of dismissal itself, Appellant has failed to present any addressable point for us to review and upon which we could grant relief.  
See
 
Tex. R. App. P.
 38.1(h).  Accordingly, we overrule Appellant’s sole point.

In his brief and in the addendum to his brief, Appellant also complains of matters related to the revocation of his parole on February 7, 2002.  We agree with the State that such a challenge is prohibited in this action because a person alleging irregularities occurring during the proceedings leading to the revocation of parole should raise those issues by way of a postconviction application for writ of habeas corpus under article 11.07 of the code of criminal procedure.  
See
 Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon Supp. 2004); 
Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.
, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).  The Court of Criminal Appeals retains the exclusive authority to grant relief in such a proceeding.  
See 
Tex. Code Crim. Proc. Ann.
 art. 11.07;
 Bd. of Pardons & Paroles
, 910 S.W.2d at 484.  Thus, we do not have jurisdiction to grant Appellant the relief he requests concerning the revocation of his parole.

Finally, the Board asks us to sanction Appellant at least $500 for bringing this appeal, which it characterizes as an “unfounded and frivolous action.”  The imposition of damages for frivolous appeals is governed by Texas Rule of Appellate Procedure 45 and is a matter of discretion with the reviewing court.
  See 
Tex. R. App. P.
 45;
 Casteel-Diebolt v. Diebolt
, 912 S.W.2d 302, 306 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious.  
See Chapman v. Hootman
, 999 S.W.2d 118, 125 (Tex. App.—Houston [14
th
 Dist.] 1999, no pet.);
 City of Houston v. Crabb
, 905 S.W.2d 669, 676 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  We find no such circumstances, and we therefore deny the Board’s request for appellate sanctions.

Having overruled Appellant’s sole point, we affirm the trial court’s order dismissing his suit for want of prosecution.

PER CURIAM

PANEL F:  GARDNER, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DELIVERED:  November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.